SUMMARY ORDER

Yung Hao Liu, a native and citizen of the People’s Republic of China, seeks review of an April 28, 2008 order of the BIA affirming the April 17, 2007 order of Immigration Judge (“IJ”) Jeffrey S. Chase, denying his motion to reopen his exclusion proceedings. In re Yung Hao Liu, No. A72 483 237 (B.I.A. Apr. 28, 2008), aff'g No. A72 483 237 (Immig. Ct. N.Y. City Apr. 17, 2007). We assume the parties’ familiarity with the underlying facts and procedural history of the case.
Where, as here, the BIA does not expressly “adopt” the IJ’s decision, but its brief opinion closely tracks the IJ’s reasoning, the Court may consider both the IJ’s and the BIA’s opinions for the sake of completeness if doing so does not affect the Court’s ultimate conclusion. Jigme Wangchuck v. DHS, 448 F.3d 524, 528 (2d Cir.2006). We review the BIA’s denial of a motion to reopen for abuse of discretion. Ali v. Gonzales, 448 F.3d 515, 517 (2d Cir.2006).
The BIA did not err in affirming the IJ’s denial of the Petitioner’s motion for lack of jurisdiction. An IJ has jurisdiction to consider motions to reopen only until the applicant properly files an appeal, at which point jurisdiction vests with the BIA. See 8 C.F.R. § 1003.23(b)(1) (providing that an IJ may “reopen or reconsider any case in which he or she has made a decision, unless jurisdiction is vested with the Board of Immigration Appeals”); Matter of Valles-Perez, 21 I. & N. Dec. 769, 771 (BIA 1997). Here, jurisdiction had *80 properly vested with the BIA, which had adjudicated his appeal years earlier.**
Also unavailing is the Petitioner’s argument that the denial of a hearing on his applications for asylum, withholding of removal, and CAT relief “violates U.S. law as well as obligations under the U.N. Protocol Relating to the Status of Refugees, the Convention Against Torture, and [his] Due Process rights.” First, there is no due process right to a discretionary grant of asylum. See Yuen Jin v. Mukasey, 538 F.3d 143, 157 (2d Cir.2008) (an individual “who has already filed one asylum application, been adjudicated removable and ordered deported, and who has nevertheless remained in the country illegally for several years, does not have a liberty or property interest in a discretionary grant of asylum”). In any event, the Petitioner had ample process in his immigration proceedings. See id. Second, because the Protocol and the CAT are not self-executing treaties, they confer no private right of action absent an implementing statute. See id.
For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).

 In any event, Petitioner's arguments would be foreclosed for the reasons set forth in Yuen Jin v. Mukasey, 538 F.3d 143 (2d Cir.2008); see also Matter of C-W-L-, 24 I. & N. Dec. 346 (BIA 2007).